J-S18041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAGGAI U. CHARLEMAGNE | |
| Appellant | No. 2450 EDA 2016 |

Appeal from the PCRA Order dated July 6, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001931-2013

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.: **FILED JUNE 29, 2017**

Appellant, Haggai U. Charlemagne, appeals from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, relating to his guilty plea for unlawful contact with a minor and statutory sexual assault.[1] We affirm the PCRA order and deny Appellant's motion to answer as moot.

On January 24, 2014, Appellant entered a guilty plea. During his guilty plea colloquy, Appellant acknowledged that nobody was trying "to force, coerce, or talk [him] into entering" a guilty plea "against [his] own free will" and that nobody "promised [him] or told [him] or guaranteed what

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318(a)(1) and 3122.1(b), respectively.

[his] sentence will be." N.T., 1/24/14, at 6. Appellant also admitted that he understood "that there is absolutely, positively no deal on sentencing." *Id.*

Appellant's sentencing hearing was on Tuesday, May 27, 2014. Plea counsel did not appear, but another attorney from plea counsel's firm represented Appellant. PCRA Ct. Op., 7/6/16, at 6. At the beginning of the hearing, sentencing counsel explained:

> [Plea counsel] had a scheduling conflict that he could not get out of in Pike County. He requested a continuance of that matter and found out late on Friday that it was denied, being that this matter had been continued before he did not want to ask the Court for another continuance.

N.T., 5/27/14, at 2-3. The trial court asserted that, since it "didn't get the motion until late Friday, [it] wasn't inclined to grant it at the eleventh hour." *Id.* at 3.

We reviewed the next events in this matter in a memorandum addressing Appellant's direct appeal from his sentence:

> [T]he trial court sentenced Appellant to a 36 to 72 month term of imprisonment for unlawful contact with a minor and a consecutive 36 to 72 month term of imprisonment for statutory sexual assault. The aggregate sentence was 72 to 144 months' imprisonment. Appellant's convictions subjected him to the lifetime registration requirement of the Sex Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10, *et seq.*, and to possible deportation.
>
> On June 4, 2014, Appellant filed a motion for reconsideration of sentence, which the trial court denied on June 5, 2014. On June 24, 2014, Appellant filed a timely notice of appeal.

*Commonwealth v. Charlemagne*, No. 1840 EDA 2014, at 2-3 (Pa. Super. Apr. 7, 2015). Appellant raised two issues in his direct appeal, both alleging

that his sentence was excessive. This Court affirmed the judgment of sentence on April 7, 2015. On May 11, 2015, Appellant petitioned the Supreme Court of Pennsylvania for allowance of an appeal, which was denied on January 14, 2016.[2]

Appellant's timely *pro se* PCRA petition was filed on January 19, 2016. Three days later, the PCRA court appointed the Monroe County Public Defender's Office to represent Appellant in this matter and granted it the opportunity to file an amended PCRA petition. On February 19, 2016, PCRA counsel filed a ***Turner/Finley***[3] letter, requesting to withdraw from the case.

The PCRA court held a hearing on March 16, 2016. At the hearing, Appellant stated that he never received PCRA counsel's ***Turner***/***Finley*** letter, and PCRA counsel acknowledged that Appellant's copy was still in the file and that there was no record of that letter having been mailed to Appellant. N.T., 3/16/16, at 4-5. The PCRA court ordered PCRA counsel immediately to send a copy of the ***Turner***/***Finley*** letter to Appellant. The PCRA court made no further rulings at that time. ***Id.*** at 7.

On March 20, 2016, Appellant filed a letter with the Clerk of Courts acknowledging his receipt of the ***Turner***/***Finley*** letter. On March 24, 2016, Appellant filed a "Petition for the Appeal of ***Turner***-***Finley***," asserting:

---

[2] Docket No. 346 MAL 2015.

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> Appropriate amendments to [Appellant]'s post-conviction [petition were] not made by [PCRA] Counsel. As he, *i.e.* Counsel did not review the entire record of [Appellant], or **Brady**[4] material. Nothing of the record reflects that counsel intelligently and adequately made preparations for [Appellant]. Such as to file and obtain [Deoxyribonucleic] Acid as requested by [Appellant], if any. Or, review of Prosecution Misconduct, Abuse of discretion, Judicial misconduct.

Pet. for the Appeal of **Turner**-**Finley**, 3/24/16, at 4 ¶ 12. Appellant requested both that the PCRA court "set aside such **Turner**-**Finley**" and "[a]ppoint new counsel." **Id.** at *ad damnum* clause.

On July 6, 2016, the PCRA court dismissed the PCRA petition and granted PCRA counsel's request to withdraw. Appellant filed a timely *pro se* appeal.

In his brief, Appellant alleges that plea counsel was ineffective because he coerced Appellant into a guilty plea. Appellant's Brief at 8-9. Additionally, he claims plea counsel was ineffective by not investigating and arguing his case. Appellant also lists numerous ineffectiveness claims in summary fashion. He further contends the trial court failed to consider the sentencing guidelines and that his sentence was excessive.[5] Moreover,

---

[4] **Brady v. Maryland**, 373 U.S. 83, 86-89 (1963), held that a prosecution's withholding of information or evidence that is favorable to a criminal defendant's case violates the defendant's due-process rights and that the prosecution has a duty to disclose such information or evidence.

[5] Although Appellant failed to include a statement of questions presented in his brief pursuant to Pa.R.A.P. 2116, we decline to find waiver. We discern his issues from the argument section of his brief, as well as from his Rule 1925(b) Statement.

Appellant maintains that the PCRA court should not have permitted PCRA counsel to withdraw.[6]

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super.) (*en banc*), *appeal denied*, 839 A.2d 352 (Pa. 2003); *see also Commonwealth v. Andrews*, 158 A.3d 1260, 1262-63 (Pa. Super. 2017).

First, Appellant maintains that the PCRA court should not have permitted PCRA counsel to withdraw. The only arguments in Appellant's brief to this Court about PCRA counsel are as follows:

> By his Counsel, in Counsel *Finley* no merit letter Counsel state, It is not Counsel's duty to find an issue. However, it is Counsel **duty** to find issues for her Client during the Course of the[ir] professional relationship and under D.R.6-01(A)(3) requires that a lawyer not "Neglect a legal matter entrusted to him."
>
> \*   \*   \*
>
> The Pennsylvania Supreme Court held that because The Rules of Criminal [P]rocedure provide for the Right of Counsel on a first P.C.R.A. petition that Right carries with it Right To Effective Assistance of Counsel. (1) *E.g., Commonwealth v. Albrecht*, 554 Pa. 31[,] 720 A.2d 693 (1998) *Commonwealth v. Pursell*, [5]55 Pa. 233, 724 A.2d 293 (1999); *Commonwealth v. Priovolos*, 552 Pa. 364, 715 A.2d 420 (1998).

Appellant's Brief at 6, 9 (emphasis in original).

---

[6] Appellant listed other issues in his Rule 1925(b) Statement, but his brief does not include them and they therefore are waived. The Commonwealth did not file a brief.

- 5 -

In Appellant's "Petition for the Appeal of **Turner**-**Finley**," 3/24/16, at 4 ¶ 12, he argued that PCRA counsel failed to investigate his case by not properly reviewing the record or requesting alleged **Brady** material. However, in his brief to this Court, Appellant makes no mention of PCRA counsel's failure to investigate. **See** Appellant's Brief at 6, 9. As Appellant has not provided appellate advocacy on the question of PCRA counsel's failure to investigate, he has effectively precluded meaningful review of that inquiry by this Court. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012) (defendant's ineffective assistance of PCRA counsel claim, alleging counsel had failed to investigate and address all of the issues defendant presented in his *pro se* PCRA petition after counsel petitioned to withdraw and filed a **Turner/Finley** no-merit letter, was waived due to the defendant's failure to present appropriate argument and citation in his appellate brief), **appeal denied**, 64 A.3d 631 (Pa. 2013).

Appellant also has not clearly articulated or developed any layered claim of ineffective assistance of counsel that would support his claim regarding PCRA counsel's withdrawal. **See Commonwealth v. Mason**, 130 A.3d 601, 619 (Pa. 2015) (holding, to prevail upon a layered ineffectiveness claim, a PCRA petitioner must present argument on the three prongs of the ineffective-assistance test as to each relevant layer of representation); **Commonwealth v. Elliott**, 80 A.3d 415, 427 (Pa. 2013) (stating, to prevail on a claim of most recent counsel's ineffectiveness for failure to raise an

allegation of earlier counsel's ineffectiveness, a PCRA petitioner must present a layered claim that shows ineffectiveness at each layer of allegedly ineffective representation), *cert. denied*, 135 S. Ct. 50 (2014). Thus, Appellant failed to present a cogent argument based upon proper legal authority as to why PCRA counsel should not have been permitted to withdraw pursuant to his *Turner*/*Finley* letter. Hence, Appellant's first issue merits no relief.

For his second issue, Appellant contends that the trial court imposed an excessive sentence. The PCRA affords relief only if a petitioner pleads and proves —

> That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) (Deleted by amendment).

(vi)   The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii)   The imposition of a sentence greater than the lawful maximum.

(viii)  A proceeding in a tribunal without jurisdiction.

42 Pa. C.S. § 9543(a)(2).   Appellant asserts that the trial court abused its discretion "in sentencing [him] to a manifestly excessive aggregate sentence of 6 to 12 years imprisonment, where the court based [its] sentence solely on the seriousness of the offense and impact, but failed to consider all relevant sentencing factors."   Appellant's Brief at 4A.[7]   Because this claim goes to the discretionary aspects of Appellant's sentence, and not to its illegality, it does not raise an issue as to which relief could be granted under Section 9543(a)(2).   **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.").

Appellant also is not entitled to relief for this claim because he previously litigated this same sentencing issue on his direct appeal, and this Court rejected his argument and affirmed the judgment of sentence. **Charlemagne**, No. 1840 EDA 2014, at 3-7.  A PCRA petitioner is not eligible for relief unless his "allegation of error has not been previously litigated or waived."   42 Pa.C.S. § 9543(a)(3); **see id.** § 9544(a)(2) ("For purposes of

---

[7] Appellant's brief includes two consecutive pages numbered 4; we refer to the first of those pages as "4A."

[the PCRA], an issue has been previously litigated if . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

Appellant's third, fifth, and sixth issues allege ineffective assistance of plea counsel. Appellant contends that, due to such ineffective assistance, his plea was not knowing, intelligent, and voluntary. Appellant argues that plea counsel "was ineffective for the following reason[s:]

> (1)   for engaging in conduct of dishonesty
>
> (2)   for deceiving h[is] client into taking a plea
>
> (3)   for willfully and intentionally not investigating his . . . client['s] case
>
> (4)   for failing to appear at the [Appellant's] sentencing hearing to represent [his] client
>
> (5)   for allowing the prosecutor to make false statement of events
>
> (6)   for allowing the prosecutor to withhold evidence
>
> (7)   withholding evidence from his own client
>
> (8)   for failing to argue [Appellant's] merit[s] in this case before deceitfully telling [Appellant] to take a plea
>
> (9)   for failing to argue why [Appellant] state[s] he did not commit this crime
>
> (10)  for using that deportation argument to intimidat[e Appellant] into taking a plea.

Appellant's Brief at 8. He adds: "[Appellant] claims that counsel was ineffective and . . . (1) that the underlying claim is of arguable merit; (2)

that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that [Appellant] was prejudiced by counsel['s] ineffectiveness." *Id.* at 9.

Generally, to obtain relief on a claim of ineffective assistance of counsel, a petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012) (quotation marks and citation omitted). If a petitioner fails to prove by a preponderance of the evidence any of the *Pierce* prongs, 527 A.2d at 975, the court need not address the remaining prongs. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009), *appeal denied*, 990 A.2d 727 (Pa. 2010). The right to effective assistance of counsel extends to the plea process. *Commonwealth v. Wah*, 42 A.3d 335, 338-39 (Pa. Super. 2012).

> In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. *See Commonwealth v. Mendoza*, 730 A.2d 503, 505 (Pa. Super. 1999). "[A] defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 455 Pa. Super. 267, 687 A.2d 1163, 1167 (1996) (citations omitted). As such, a defendant may not assert grounds for withdrawing the plea

that contradict statements made when he entered the plea. ***Id.*** (citation omitted).

***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017).

During Appellant's guilty plea colloquy, Appellant acknowledged that he voluntarily entered into the plea and was not "forced" or "coerced." N.T., 1/29/14, at 6. As Appellant is bound by the statements that he made during his plea colloquy, he cannot now claim that plea counsel deceived him or induced him into entering a guilty plea. ***See Orlando***, 156 A.3d at 1281. Moreover, even if Appellant could "assert grounds for withdrawing the plea that contradict statements made when he entered the plea," ***id.***, he has failed to plead and prove any evidence of this alleged coercion by plea counsel. Appellant further insists that plea counsel did not effectively investigate and argue his case. However, as the PCRA court observed, once Appellant agreed to enter a guilty plea, plea counsel would have no reason to investigate further or to make any argument. ***See*** PCRA Ct. Op., 7/6/16, at 6. We agree with the court's observation.

As for Appellant's statement that plea counsel was ineffective for failing to appear at Appellant's sentencing hearing, the record reveals that plea counsel's absence was beyond his control and that Appellant was represented at the sentencing hearing by another attorney from plea counsel's firm. N.T., 5/27/14, at 2-3; PCRA Ct. Op., 7/6/16, at 6. The trial court was unwilling to grant a continuance. N.T., 5/27/14, at 3. More critically, Appellant does not articulate any prejudice that supposedly

resulted from the substitution of another lawyer at his sentencing. Accordingly, Appellant has not pleaded and proved a claim of ineffectiveness with respect to the identity of counsel at his sentencing hearing.

Appellant's remaining bases for his ineffective assistance of counsel claim – that plea counsel "engag[ed] in conduct of dishonesty," "allow[ed] the prosecutor to make false statements" and "to withhold evidence," and "with[eld] evidence from" Appellant – are undeveloped. Appellant's Brief at 8. Appellant does not plead a single specific perfidious act or statement by plea counsel, nor identify any particular "false statement" by the Commonwealth. *See id.* He also fails to identify any evidence that the Commonwealth or plea counsel allegedly withheld. *See id.*[8] Since these claims are not explained, developed, or supported by the record, Appellant has not established entitlement to relief. *See Commonwealth v. Koehler*, 36 A.3d 121, 158 (Pa. 2012) (denying relief based on the lack of arguable merit due to appellant's failure to identify portions of the record). Consequently, we concur with the PCRA court that none of these claims are of arguable merit. PCRA Ct. Op., 7/6/16, at 6. As these claims fail on the

---

[8] "To establish a *Brady* violation, [the defendant] must demonstrate [that]: (1) the prosecution concealed evidence; (2) the evidence was either exculpatory or impeachment evidence favorable to him; and (3) he was prejudiced." *Commonwealth v. Treiber*, 121 A.3d 435, 460–61 (Pa. 2015). As Appellant has failed to establish that any exculpatory evidence even existed, let alone that the prosecution concealed it, he has failed to establish a *Brady* violation. *See Treiber*, 121 A.3d at 460; *see also* Appellant's 1925(b) Statement at ¶ 4.

first **Pierce** prong, we need not address the remaining **Pierce** prongs, 527 A.2d at 975. **See also Fitzgerald**, 979 A.2d at 911.

Having discerned no abuse of discretion or error of law, we affirm the order below. **See Wilson**, 824 A.2d at 333; **Andrews**, 158 A.3d at 1262-63. We thereby also deny Appellant's motion to answer as moot.

Order affirmed. Appellant's motion to answer denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2017