J-S63009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUHAMMAD AL-AMIN | : | |
| | : | |
| Appellant | : | No. 2681 EDA 2018 |

Appeal from the PCRA Order Entered September 14, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009246-2010

BEFORE: GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.E.: **FILED NOVEMBER 27, 2019**

Appellant, Muhammad Al-Amin, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them. Procedurally, we add, the record indicates the PCRA court issued Rule 907 notice on August 16, 2018. On September 14, 2018, the PCRA court denied Appellant's PCRA petition. That same day, Appellant filed a timely notice of appeal. The court ordered Appellant on September 17,

_____

* Retired Senior Judge assigned to the Superior Court.

2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on September 24, 2018.

Appellant raises one issue for our review:

> DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA PETITION WITHOUT A HEARING BECAUSE TRIAL/DIRECT APPEAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE APPELLANT'S **BRUTON V. UNITED STATES**[, 391 U.S. 123, 88 S Ct. 1620, 20 L.Ed.2d 476 (1968)] ISSUE AT TRIAL AND FOR FAILING TO LITIGATE DENIAL OF THE RELATED SEVERANCE ISSUE ON DIRECT APPEAL?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Shelley Robins New, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (*See* PCRA Court Opinion, filed May 7, 2019, at 3-9) (finding: at trial, court replaced references to Appellant in defendant's statement with "the guy" or "the other guy"; balance of interests weighed in favor of admitting co-defendant's redacted statement into evidence; further, court provided jury appropriate limiting instruction regarding co-defendant's statement; thus, admission of co-defendant's statement did not violate *Bruton*; Appellant's claim trial/direct appeal counsel was ineffective for failing to preserve and litigate issue on appeal fails; further, Appellant's claim counsel was ineffective for failing to preserve for appeal and raise on appeal denial of Appellant's severance motion also fails; nature of facts, content of co-defendant's and Appellant's respective statements, and offenses charged weighed in favor of trying Appellant and co-defendant jointly; Appellant failed to show he suffered undue prejudice from counsel's failure to preserve and appeal severance issue). The record supports the PCRA court's rationale. *See Conway, supra*. Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0009246-2010

v. :

**MUHAMMAD AL-ALMIN, Appellant** :

### OPINION OF THE COURT

Appellant, Muhammad Al-Almin, appeals from this Court's denial of relief pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa. C.S.A. §9541 *et seq*. For the reasons set forth below, this Court's Order denying relief should be affirmed.

On April 15, 2010, Appellant and his co-defendant, Amir Garwood, broke into the home of Shawn Epps on the 2000 block of Bonaffon Street in Southwest Philadelphia. Mr. Epps resided there with his wife Lisa Moore, his father Eugene Allen, and his two daughters, Alexes and Athena Epps. Appellant and Garwood breached the back door of the house; Appellant kicked down the back door while Garwood held the screen door open. Ms. Moore and Alexes heard the noise from upstairs. Upon crossing the threshold, Garwood began shouting "police, police, police, get down on the floor, get down on the floor." Guns drawn, Appellant and Garwood climbed the stairs to the second floor. One of the men instructed Ms. Moore to stay on the floor, while the other encountered Mr. Epps. A struggle ensued between Mr. Epps, Appellant, and Garwood. During that struggle, Mr. Epps was shot in the face and the stomach, and he fell into the bathroom. Appellant and Garwood fled through the door they breached while Ms. Moore took her children and climbed through a window to a neighbor's home, where she called police. (N.T., 5/31/12, at 21-27; N.T., 6/1/12, at 126-145; N.T., 6/4/12, at 50-61, 149-162).

1

On May 30, 2012, Appellant and Garwood litigated a joint motion to suppress their statements to police. That same day, this Court denied the motion to suppress. Thereafter, Appellant and Garwood jointly moved this Court to sever their cases, arguing that the introduction of their redacted statements violated their Confrontation Clause rights as defined in Bruton v. United States, 391 U.S. 123 (1968). This Court denied the motion to sever, and Appellant and Garwood immediately proceeded to a joint jury trial. At trial, Detective Morton read Appellant's statement into the record, while Detective Holmes read Garwood's statement into the record (see N.T., 6/4/12, at 50-61, 149-162). Neither Appellant's nor Garwood's counsel raised an objection to the redacted version of Garwood's statement that replaced Appellant's name with various iterations of "the guy" or "the other guy" (Id. at 128-129).

On June 6, 2012, the jury convicted Appellant of second-degree murder, robbery (inflict serious bodily injury), burglary, and criminal conspiracy. That same day, this Court sentenced Appellant to life imprisonment without parole for the second-degree murder conviction. This Court also imposed an aggregate concurrent sentence of 10 to 20 years' incarceration for the remaining convictions.[1] Appellant appealed, and the Superior Court affirmed his judgments of sentence on January 15, 2014. He sought allowance of appeal, which the Pennsylvania Supreme Court denied on July 29, 2014.

On October 22, 2015, Appellant filed a *pro se* petition for relief pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa. C.S.A. §9541 *et seq*. The PCRA court appointed Stephen T. O'Hanlon, Esq. to represent Appellant in his PCRA proceedings. On June 14, 2017, Attorney O'Hanlon filed a counseled amended petition on Appellant's behalf. After review of Counsel's PCRA petition and after review of the file, this Court found the issues raised in the PCRA

---

[1] Appellant's minimum sentences on these convictions were mandatory under section 9714(a)(1) of the Judicial Code (second-strike offender).

2

petition were meritless. Accordingly, this Court sent Appellant, pursuant to Pa.R.Crim.P. 907, its Notice of Intent to Dismiss. Appellant timely filed a Notice of Appeal to the Superior Court. This Court filed an order pursuant to Pa.R.C.P. 1925(b) and Appellant timely replied.

In the instant petition, Appellant raised two claims. Appellant alleged that trial counsel was ineffective by failing to object to his Confrontation Clause rights under Bruton, and that appellate counsel was ineffective for failing to raise the issue on appeal. Appellant also alleged that appellate counsel was ineffective for abandoning his severance issue on direct appeal.

Both of Appellant's claims involve the ineffective assistance of counsel. "Ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." United States v. Blaylock, 20 F.3d 1458, 1464–65(9th Cir. 1994)The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 685 (1984), stated, "[t]he Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment including the Counsel Clause." The Supreme Court also stated, "[t]hat a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Id. As a result, the Supreme Court has acknowledged that the right to counsel is the right to effective counsel. Id. at 686. The law presumes that counsel was effective and, therefore Appellant has the burden to show that counsel was ineffective. Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992).

3

Counsel is presumed effective and Appellant bore the burden of proving that counsel provided ineffective assistance of counsel. Commonwealth v. Rivers. 786 A.2d. 923 (Pa. 2001). The Strickland Court set out a test where a defendant would have to show that (1) his attorney's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors; the result would have been different. Strickland v. Washington at 687-690.

In reviewing the PCRA, the Pennsylvania Supreme Court, in Commonwealth v. Douglas, 645 A.2d 226, 230 (Pa. 1994), stated, to prevail on such a claim, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his interest; and (3) that he was prejudiced by counsel's ineffectiveness. To show prejudice Appellant must establish that, but for counsel's errors, the outcome of the trial would have been different. Commonwealth v. Bond, 819 A.2d 33, 42 (Pa. 2002). Appellant's failure to satisfy all the prongs of the test should result in the dismissal of the ineffective counsel claim. Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003).

"Allegations of the deprivation of the right to effective representation of counsel are not self-sustaining. The burden of proof of the allegations remains with the claimant, their accuracy still to be established by his submission of relevant proofs." Com. v. Hentosh, 554 A.2d 20, 24 (Pa. 1989). Without the submission of relevant proofs supporting the claim of ineffectiveness, summary rejection of the claim is warranted. Id. at 25. If a defendant fails to demonstrate that counsel's act or omission had an adverse effect on the outcome of the proceedings, the ineffectiveness claim should be dismissed on that basis alone, and the court need not first determine whether the defendant has satisfied the first and second prongs of the test. Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998).

4

To be entitled to an evidentiary hearing on a claim of ineffectiveness, a defendant must "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude ... counsel may have, in fact, been ineffective." Commonwealth v. Priovolos, 715 A.2d 420, 422 (Pa. 1998) (quoting Commonwealth v. Pettus, 424 A.2d 1332, 1335 (Pa. 1981)).

Appellant's first ineffective assistance of counsel claim is that trial counsel failed to protect Appellant's Bruton safeguards because he did not object to a redacted version of Garwood's statement that replaced his name with "the guy" or "the other guy". Bruton v. United States, 391 U.S. 123, 126 (1968) decided that in a joint trial, the admission of a non-testifying co-defendant's prior statement against a defendant violates his confrontation rights under the Sixth Amendment to the United States Constitution. The Bruton Court determined that "substantial risk that the jury.... looked to incriminating extrajudicial statements in determining [Appellant]'s guilt" rendered the same effect "as if there had been no instruction at all." Id. at 126, 137.

The United States Supreme Court validated the practice of redacting confessions of non-testifying co-defendants to remove references that expressly implicated the defendant in Richardson v. Marsh, 481 U.S. 200 (1987), while simultaneously rejecting the theory of "contextual implication". Contextual implication is when a facially non-incriminating statement would nevertheless become incriminating and violate Bruton "when linked with evidence introduced later at trial." Id. at 208. The Richardson Court determined that a redacted statement reduced the risk that a jury would ignore instructions to disregard evidence, as it does not ask the jury to ignore evidence that the defendant helped the co-defendant commit a crime. Id. Gray v. Maryland, 523 U.S. 185 (1998) clarified that in a two-defendant trial, a redaction of the

5

defendant's name to "deleted" violated <u>Bruton</u> because it "refer[red] directly to the 'existence' of the non-confessing defendant." <u>Id</u>. at 192.

The Pennsylvania Supreme Court adopted the practice of redacting a defendant's name to "the other guy" or a similar non-descriptive placeholder. <u>Commonwealth v. Travers</u>, 768 A.2d 845, 846 (Pa. 2001); <u>Commonwealth v. Rivera</u>, 773 A.2d 131, 138 (Pa. 2001). <u>Commonwealth v. Rainey</u>, 928 A.2d 215, 227 (Pa. 2007) followed the United States Supreme Court in rejecting the theory of contextual implication as a blanket rule. In doing so, the <u>Rainey</u> Court illustrated a standard for how "contextual implication" should be evaluated in a joint trial. "This danger merely requires the trial court, and the reviewing court, to balance the interests, *i.e.*, the potential prejudice to the defendant versus the probative value of the evidence, the possibility of minimizing the prejudice, and the benefits to the criminal justice system of conducting joint trials." <u>Id</u>. at 227-228 (quoting <u>Commonwealth v. Wharton</u>, 607 A.2d 710, 717 (Pa. 1992)).

In Appellant's trial, the Court redacted Garwood's statement in accordance with <u>Bruton</u>, <u>Travers</u>, and <u>Rivera</u>, by referring to Appellant as either "the guy" or "the other guy". No part of the statement specifically incriminated Appellant. The trial Court's redaction met the requirements set forth by the United States and the Pennsylvania Supreme Courts. Furthermore, Appellant cannot claim that other evidence "contextually implicated" him in Garwood's statement. When balancing the interests in allowing Garwood's redacted statement into evidence, the Court was not mistaken. Garwood confessed to killing Mr. Epps and the trial court redacted his statement to remove any specific reference to Appellant. Therefore, Appellant was still afforded the protections of <u>Bruton</u>.

Furthermore, the trial court's jury instructions were clear as to how to evaluate the evidence against each defendant, specifically the statement in question. "Now, members of the

jury, I've repeatedly told you, although the two defendants are being tried together, you must consider the evidence separately as to each defendant." (N.T., 6/5/12, at 103). "I am specifically instructing you that whatever weight you may choose to give to a defendant's statement, that statement may only be used against that defendant. You may not use one defendant's statement as evidence against the other." (N.T., 6/5/12, at 103-104). Since Appellant's Bruton protections were not violated, Appellant has not proved that counsel was ineffective for failing to object to the redacted version of Garwood's statement. Appellant has not provided any evidence to prove the three factors of the Douglas test. Accordingly, Appellant's claim lacks merit.

Appellant's second claim is that counsel was ineffective for failing to appeal the denial of severance. The decision to sever a joint trial is in the trial court's discretion. Commonwealth v. Ferguson, 107 A.3d 206, 210 (Pa. Super. 2015). In order for the trial court's discretion to be reversed, the Appellant must establish that there was a manifest abuse of discretion or prejudice and clear injustice to the Appellant. Id. Pennsylvania Rule of Criminal Procedure 583 governs motions to sever, stating "the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime." Id.

When assessing whether severance is appropriate, the trial court must determine: "[1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses." Commonwealth v. Collins, 703 A.2d 418, 422 (Pa. 1997). Furthermore, "where the defendants have been charged with conspiracy, a

7

joint trial, rather than separate trials, is preferred." Commonwealth v. King, 721 A.2d 763, 771 (Pa. 1998).

In Appellant's underlying matter, all of the factors favored having a joint trial. First and foremost, it has been established that Appellant's Bruton protections were not violated. As a result, Appellant was not prejudiced by the admission of Garwood's statement. Appellant was convicted of second-degree murder. The standard for second-degree murder is that a murder takes place during the commission of a felonious act, while it does not require that each person physically harm the victim. 18 Pa.C.S. 2502(b). See Commonwealth v. Lambert, 795 A.2d 1010, 1023 (Pa. Super. 2002) (*en banc*) ("not only the killer, but all participants in a felony, including the getaway driver, are equally guilty of felony murder when a killing by a felon occurs"). It is not necessary for a homicide to be foreseeable, just that "the accused engaged in conduct as a principal or an accomplice in the perpetration of a felony." Id.

Appellant, in his own statement to police, admitted to assisting Garwood with a home invasion. Appellant admitted kicking in the door, breaching the home, and watching Garwood shoot Mr. Epps. By making these admissions, Appellant and Garwood both admitted to engaging in a burglary and robbery, which led to Mr. Epps death. Even though Garwood's statement differed with Appellant's since Garwood claimed Appellant also shot Mr. Epps, it is irrelevant for the charge of second-degree murder since that was not a requirement of the charge. Therefore, Garwood's statement did not prejudice Appellant since it did not create a reasonable probability of a different outcome.

The fact that Appellant and Garwood implicated each other in the murder actually supports the need for a joint trial and against severance. "Mere finger pointing alone... is insufficient to warrant a separate trial." Commonwealth v. Lambert, 603 A.2d 568, 573 (Pa.

8

1992). If defendants have different views of what took place, it will be easier to determine the truth if they are tried together. Commonwealth v. Chester, 587 A.2d 1367, 1373 (Pa. 1991). Appellant and Garwood disputed their respective degrees of involvement, but it was not the case in which the jury must have disbelieved the testimony of one defendant to believe the testimony of the other defendant. As a result, this disagreement is not one that would require severance.

Appellant was charged with conspiracy to commit robbery. When conspiracy is a charge, it is advisable to have a joint trial. Commonwealth v. Patterson, 546 A.2d 596, 600 (Pa. 1988). In King, the court listed a variety of factors favoring a joint trial, which are also applicable in the instant petition. "Appellants were charged with conspiracy; the majority of the crimes charged were the same; the circumstances giving rise to the crimes were identical with respect to both defendants; and the witnesses necessary to prove the crimes were the same." Id. at 771.

Finally, Appellant has still not provided evidence of how counsel was ineffective for failing to appeal the denial of severance due to the fact Appellant has not proved prejudice. Appellant has not shown that but for counsel's failure to file a motion to sever, there is a reasonable possibility that he would not have been convicted. As a result, Appellant has not met the standard set forth in Douglas. Accordingly, Appellant's claim lacks merit.

Accordingly, for the Reasons set forth above, the Order denying relief under the PCRA should be affirmed.

**BY THE COURT:**

ROBINS NEW, J.

9