J-A27027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY PICKENS | : | |
| | : | |
| Appellant | : | No. 540 EDA 2021 |

Appeal from the PCRA Order Entered February 25, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003698-2017

BEFORE:   PANELLA, P.J., LAZARUS, J., and Dubow, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 1, 2022**

Troy Pickens appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the factual and procedural history of this case as follows:

> [Pickens], represented by Megan Schanbacher, Esquire, was found guilty of five [] counts of dealing in the proceeds of unlawful activity, [*see* 18 Pa.C.S.A. § 5111,] five [] counts of tampering with public records or information, [*see* 18 Pa.C.S.A. § 4911,] five [] counts of tampering with records or information, [*see* 18 Pa.C.S.A. § 4104,] and five [] counts of securing execution of documents by deception, [*see* 18 Pa.C.S.A. § 4114,] following a one-day bench trial [] on September 11, 2018. [The court] sentenced [Pickens] on January 3, 2019 [to 49 to 98 months' imprisonment followed by five years' probation].

[Pickens], then represented by [] Michael Quinn, [Esquire,] filed timely post[-]sentence motions on January 11, 2019, seeking to modify sentence and restitution. After argument[, the court] entered [an order] on February 8, 2019, granting [Pickens'] motion to modify restitution by agreement, and denying [his] motion to modify sentence.

On April 23, 2019, the Clerk of Courts of Montgomery County received and docketed a *pro se* notice of appeal. [Pickens] had thirty [] days from the date of th[e] court's order denying his motion to modify sentence to file a timely appeal. Th[e] court's order [denying Pickens' motion to modify sentence] was entered on February 8, 2019, therefore, [Pickens'] final date to appeal was March 10, 2019.

[]By order dated March 26, 2020, the Superior Court of Pennsylvania quashed [Pickens'] appeal as untimely, as it was filed beyond the thirty-day appeal period[.]

On April 13, 2020, [Pickens] filed, *pro se*, a PCRA petition [and] an amended PCRA petition on June 12, 2020. By order dated June 24, 2020, the [court] appointed Scott McIntosh, Esquire, to represent [Pickens] as PCRA counsel, [and] allow[ed] him sixty [] days to review the record. Upon request by counsel, the [court] granted an additional sixty days by order dated September 8, 2020.

On November 6, 2020, [Attorney] McIntosh filed [] a petition to withdraw as counsel and attached a detailed "no merit" letter that [he] sent to [Pickens], pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), stating [Attorney] McIntosh's opinion that [Pickens] was not entitled to PCRA relief. [On January 29, 2021, the court issued notice of its intent to dismiss Pickens' PCRA petition pursuant to Pa.R.Crim.P. 907. Pickens replied.] After a review of [Pickens'] response [to the Rule 907 notice], th[e] court again determined that the PCRA petition lacked merit, and on February 25, 2021, entered a final order dismissing the PCRA petition.

[Pickens] filed a timely notice of appeal with the Superior Court of Pennsylvania on March 8, 2021. [Pickens also] filed a concise statement of [errors complained of] on appeal in conjunction with the notice of appeal.

PCRA Court Opinion, 4/23/21, at 1-3 (footnotes and unnecessary capitalization omitted). On April 23, 2021, the PCRA court filed an opinion in response to the issues raised in Pickens' Rule 1925(b) statement, recommending that we affirm the order denying PCRA relief.

On appeal, Pickens raises the following issues for our review:

1. Was trial counsel ineffective when [counsel] allowed the trial court to violate [the Pennsylvania Rules of Criminal Procedure by] failing to rule on a timely[-]filed pre-trial motion to suppress [prior to or at trial]?

2. Was trial counsel ineffective for failing to pursue a writ of *habeas corpus*, despite [Pickens'] request to do so?

3. Was post-trial counsel ineffective for failing to file a timely notice of appeal?

Appellant's Brief, at iii.

First, we note that Pickens' PCRA petition is timely filed. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. ***See also Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. 2013) (PCRA's time requirement mandatory and jurisdictional in nature; courts may not ignore time requirement to reach merits of PCRA petition).

Our standard of review of the court's denial of a PCRA petition is well-settled:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon [appellate

courts]. However, [appellate courts] review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted).

A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (internal citations, quotation marks, and brackets omitted).

The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1061 (Pa. 2012).

Regarding an appellant's claim that he is entitled to a PCRA hearing on his ineffective assistance of counsel claim, our Supreme Court has explained:

> [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004). To warrant an evidentiary hearing on a defendant's ineffective assistance of counsel claim, the defendant must "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that . . . counsel may have, in fact, been ineffective." *Commonwealth v. Priovolos*, 715 A.2d 420, 422 (Pa. 1998) (quoting *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981)). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (internal citation and quotation marks omitted).

In his first issue on appeal, Pickens claims that his trial counsel was ineffective for failing to object to the court's failure to rule on his pre-trial omnibus motion to suppress, in violation of the Pennsylvania Rules of Criminal Procedure. Specifically, Pickens argues that the Pennsylvania Rules of Criminal Procedure require the court to place findings of fact and conclusions of law on the record anytime a party files a timely motion to suppress, and mandates that the court issue an order granting or denying any pre-trial motion prior to the commencement of trial. Additionally, Pickens argues that

counsel should have pursued the suppression motion to specifically challenge Bahirah Wilkins' identification of him as the perpetrator of the charged crimes and to suppress his lengthy criminal record in order to permit him to testify without the threat of impeachment by introduction of that record into evidence at trial. **See** Appellant's Brief, at 5.

Here, Pickens' Rule 1925(b) statement raises the issue as follows: "Was counsel ineffective for allowing the trial court to violate Pa.R.Crim.P[. 577 and 580] by failing to rule on a timely filed pre-trial motion to suppress prior to or at the trial?" Appellant's *Pro Se* Pa.R.A.P. 1925(b) Concise Statement, 3/3/21. As such, we conclude that Pickens' sub-claims regarding the suppression of Wilkins' identification and Pickens' criminal record are waived because Pickens' Rule 1925(b) statement was too vague to fairly preserve these issues for appeal. **See Commonwealth v. Proctor**, 156 A.3d 261, 267 (Pa. Super. 2017), *citing* Pa.R.A.P. 1925(b)(4)(ii) ("[A] court-ordered concise statement 'shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.'"). Indeed, we have reiterated that "Rule 1925 is a crucial component of the appellate process, which is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal[.] Issues

that are not set forth in [the Rule 1925(b)] statement [] are deemed waived."[1]

***Id.*** (internal citations, quotation marks, and brackets omitted).

_____

[1] Pickens filed an application for relief in this Court on September 21, 2021, seeking that we "disregard/waive the requirements of the Rules [of Appellate Procedure] in the instant case [since Pickens] was not equipped to prepare his br[ie]f [because he is proceeding *pro se*] and is not [] learned in [Pennsylvania law], but has filed his [b]rief to the best of his knowledge and ability," Pickens "is currently in[carcerated in] a [s]tate [c]orrectional [i]nstitution which has seen a great deal of Covid-19 outbreak over the last 15 months," and "[d]uring the preparation and filing of [Pickens' brief,] his [correctional i]nstitution was [placed under] enhanced [q]uarantine," and  Pickens did not receive the "legal assistance usually afforded to *pro se* inmates, nor [was he] allowed normal access to the Law Library."  Appellant's *Pro Se* Application for Relief, 9/21/21, at 1-2.  This Court deferred Pickens' application for relief to the merits panel in an order issued *per curiam*.  ***See*** Order, 10/18/21.

Presently, we deny Pickens' application for relief since Pickens acknowledged, on the record, that he would be held to the same standards on appeal as any other party, even though proceeding *pro se*.  ***See*** N.T. Hearing on Petition in Support of Withdrawal as Counsel, 6/6/19, at 3-5.  Indeed, the trial court specifically colloquied Pickens as follows:

> THE COURT:  All right.  Mr. Pickens, stand up.  **Do you wish to represent yourself or do you wish to have an attorney appointed to represent you?**
>
> THE DEFENDANT:  **I wish to go *pro se***, Your Honor.
>
> THE COURT:  You're sure you want to represent yourself?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  You understand . . . that you have a right to an attorney?
>
> THE DEFENDANT: Yeah.  Right.  **I wish to go *pro se***, Your Honor.
>
> THE COURT:  Are you sure about that?
>
> THE DEFENDANT:  Yes, Your Honor.

*(Footnote Continued Next Page)*

Insofar as Pickens' Rule 1925(b) statement preserved the claim that his counsel was required to ensure that the trial court, at a minimum, issued a ruling on Pickens' omnibus pre-trial motion, *see* Pa.R.Crim.P. 577(B) ("The

---

THE COURT: What has made you come to that decision that you wish to represent yourself?

THE DEFENDANT: [T]he knowledge that I've obtained pertaining to this case, my case particularly, I just feel more comfortable and more confident.

THE COURT: **You understand that there are rules of appellate procedure that if you do not follow**—

THE DEFENDANT: **I'm very aware**, Your Honor.

THE COURT: —**the case will be discharged?**

THE DEFENDANT: **I'm aware**, Your Honor.

THE COURT: **You understand that you will be treated just as if you were an attorney if you represent yourself?**

THE DEFENDANT: **Yes**, Your Honor.

THE COURT: **And there are skilled appellate lawyers that can be appointed to represent [you.]**

THE DEFENDANT: **Yes**. I'm aware, Your Honor.

*Id.* (emphasis added); *see also Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.") (citations omitted).

judge promptly shall dispose of any motion."), we fail to discern any prejudice suffered by Pickens.[2]  **See Sandusky**, **supra**; **Tharp**, **supra**.

Here, the record reflects that counsel filed a general omnibus pre-trial motion on June 15, 2017, but, in effect, abandoned that trial strategy when counsel later permitted the case to proceed to trial without receiving a ruling on the motion from the trial court.  After our review, we conclude that Pickens' claim that the court's grant of his pre-trial motion would have resulted in his release, and that therefore the outcome of the proceeding would have been different, is an exaggeration of the truth.  **See** Appellant's Brief, at 4 ("As [Wilkins' unlawfully-obtained identification statement] was the **sole evidence** relied on to link [Pickens] to the alleged crime of falsifying documents[,]  the success of the motion would have freed [Pickens] from an otherwise unlawful detention and arrest.") (emphasis added).  Instantly, Pickens' claim fails to

---

[2] Pickens' claim that **the court erred** in failing to rule on the motion **must be cast in terms of counsel's ineffectiveness**, especially in cases such as this one, where counsel effectively withdrew the motion by proceeding to trial without first seeking a ruling. **See Commonwealth v. Dougherty**, 860 A.2d 31, 40 (Pa. 2004) ("Because counsel withdrew the motion, there is no record devoted to the issue.  It is not clear from the existing record which considerations motivated counsel to abandon the claim.  In an instance such as this, it is unrealistic and inaccurate to view the claim as a claim of trial court error.  Counsel apparently investigated the issue and then made a judgment that the issue was not worth pursuing.  Accordingly, the focus should be upon counsel's reasons for electing not to pursue the issue, rather than upon some alleged 'error' of the trial court in declining to grant the withdrawn motion.").

establish the necessary prejudice,[3] since, contrary to Pickens' argument, Wilkins' identification of him **was not the sole evidence** linking Pickens to

---

[3] Additionally, we would find that Pickens' claims that ineffective assistance of trial counsel deprived him of his rights to testify and to benefit from a hearing pursuant to **Commonwealth v. Bighum**, 307 A.2d 255 (Pa. 1973), fail to establish prejudice, **see Sandusky**, **supra**, since Pickens' brief does not identify which portion(s) of his criminal record would have been suppressed, if any, or would have been the subject of a **Bighum** hearing. **See** Appellant's Brief, at 5-14; **see also** Pa.R.A.P. 2119(a). Moreover, we note that Pickens was colloquied at trial regarding his decision not to testify as follows:

Q. You understand that you do have the absolute right to remain silent and equally the absolute right to testify in your defense if you so choose?

A. Yes.

Q. And you and I have discussed your case and your options?

A. Yes.

Q. Based on our discussions[,] my understanding is you wish to waive your right to testify[,] and instead[,] invoke your right to remain silent?

A. Yes.

Q. Has anybody forced or threatened you to not testify in your defense today?

A. No.

Q. Are you the one making this decision for yourself?

A. Yes.

Q. Do you have any additional questions for me about your decision?

A. No.

*(Footnote Continued Next Page)*

the crimes. *See* N.T. Bench Trial, 9/11/18, at 35, 70-71 (Sergeant Nicholas

Dumas explaining that he:  obtained certified copies of Pick 1 Real Estate's

purchases at the Recorder of Deeds, ran background checks on Pick 1 Real

_____

> Q.  Do you think that I have answered all of your questions regarding this decision?
>
> A.  Yes.
>
> *   *   *
>
> THE COURT:  You understand that the [c]ourt will not hold it against you for invoking your right to remain silent?  Do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  That is your right under the Constitution.  Do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  All right.  Whose decision is it today not to testify?
>
> THE DEFENDANT:  Mine.
>
> THE COURT:  Yours?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Is that a ["]yes["]?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  I want to make sure it is clear.  All right.  I find his waiver knowing, intelligent and voluntary to not testify.

N.T. Bench Trial, 9/12/18, at 55-57. ***See Commonwealth v. Brown***, 1147 A.3d 1158 (Pa. Super. 2011) (ultimate authority on decision to testify in his or her own behalf rests solely with defendant); ***see also Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa. Super. 2007) (defendant has duty to answer questions posed during colloquy truthfully; defendant cannot later, for obtaining PCRA relief, contradict statements or claim that he lied while under oath).

Estate's sales, and confirmed that no one was authorized to sell those properties sold by Pick 1 Real Estate; discovered that Pick 1 Real Estate's mailing address was a P.O. box rented by Pickens' wife, Shanti Charleston; and recognized voice from Pick 1 Real Estate's voicemail recording to be Pickens'); *id.* at 69 (Pickens signed as owner of Pick 1 Real Estate in property transfer to Ione Drummond Williams). To the extent that Pickens relies on our Supreme Court's decision in *Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020), for the argument that, at the preliminary hearing, the Commonwealth's evidence was insufficient to sustain pre-trial incarceration, we have already found that:

> [T]he Supreme Court did not intend to extend *McClelland*'s holding to cases . . . where the complained-of defect in the preliminary hearing is subsequently cured[.] . . . Once an appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial.

*Commonwealth v. Rivera*, 255 A.3d 497, 503-04 (Pa. Super. 2021) (citations, brackets, and emphasis omitted).

Since Pickens has failed to establish prejudice, *see Sandusky*, *supra*; *Spotz*, *supra*, Pickens' first ineffective assistance of counsel claim must fail. *See Keaton*, *supra*; *Tharp*, *supra*.

Next, we find that Pickens' second and third claims on appeal are waived for failure to include them in his PCRA petition. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014) (trial counsel ineffectiveness claim waived where petitioner failed to raise it before PCRA court in *pro se* petition, and derivative PCRA counsel ineffectiveness claim waived where

petitioner failed to assert it in response to PCRA court's Pa.R.Crim.P. 907 notice); **Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (petitioner must request leave in Rule 907 response to amend petition to raise new trial counsel ineffectiveness claims not originally included in PCRA petition); **Commonwealth v. Williams**, 732 A.2d 1167, 1191 (Pa. 1999) ("The assertion of a new claim after the court has heard argument and indicated its intent to dismiss the petition militates in favor of the decision to deny leave to amend."); Pa.R.Crim.P. 905.

Here, Pickens never sought leave to amend his petition;[4] thus, any claims not included in his *pro se* petition are waived.  **See Rigg**, **supra**; **Rykard**, **supra**; **Williams**, **supra**; Pa.R.Crim.P. 905.

Consequently, we discern no abuse of discretion in the PCRA court's dismissal of Pickens' petition without a hearing.  **See Small**, **supra**; **D'Amato**, **supra**; **Priovolos**, **supra**; **Roney**, **supra**.

Order affirmed.

Dubow, J. Joins the Memorandum.

Panella, P.J. Concurs in the result.

---

[4] On February 23, 2021, Pickens filed a document with the trial court titled "MOTION TO CORRECT AMENDED PETITION RESPONSE T0 907(1) INTENT TO DISMISS:" *Pro Se* Filing, 3/3/21.  Pickens' filing "requests th[e] court to take judicial notice of the within highlighted corrections," *id.* at 2, and "to bring judicial notice to factual error(s) outlined in [Pickens'] **Amended Petition** In Response To 907(1)," *id.* at 1 (emphasis added).  Nevertheless, that filing does not seek the necessary leave to amend the underlying *pro se* petition. **See Rykard**, **supra**.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2022