715 A.2d 420

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Ernest PRIOVOLOS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 16, 1998.

Decided July 23, 1998.

Mary Macneil Killinger, Norristown, for Com.

Thomas J. Short, Oreland, for Ernest Priovolos.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

We allowed appeal in this case to determine whether the Superior Court erred in remanding the matter for a new hearing pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, on the basis that PCRA counsel who represented Appellee at the initial hearing was ineffective.

On January 19, 1990, a jury convicted Appellee Ernest H. Priovolos ("Priovolos") of third degree murder and related offenses in connection with the death of Cheryl Succa.[1] Priovolos' trial counsel withdrew and new counsel filed post-verdict motions, alleging, *inter alia,* ineffective assistance of trial counsel. Following argument, the trial court denied the motions and sentenced Priovolos to an aggregate term of 12 to 27 years imprisonment. Post-verdict counsel filed an appeal and subsequently withdrew. Appellate counsel was appointed, and Priovolos again raised ineffectiveness of trial counsel as a basis for relief on direct appeal. The Superior Court affirmed the judgment of sentence.

1. According to the evidence at trial, Priovolos met Ms. Succa on the night of October 22, 1986, while he was delivering pizza. Succa was riding her bicycle and was inebriated. Priovolos took her to a motel and unsuccessfully attempted to engage in intercourse with Succa, who passed out. Succa spent the next day with Priovolos at his mother's house, and later that evening Priovolos drove her to a secluded area in another attempt to engage in intercourse with her. When Succa refused Priovolos' advances, an argument ensued, and Priovolos grabbed Succa's purse to retrieve the money he had spent on the hotel room the previous evening. Priovolos slapped Succa during the struggle and she began crying. She ran from Priovolos' car and onto a bridge, but Priovolos caught up with her, repeatedly striking her, and finally knocking her from the bridge. Succa fell to her death, and Priovolos dragged the body underneath the bridge, where it was found two days later by a groundskeeper.

Priovolos subsequently filed a *pro se* PCRA petition, and PCRA counsel was appointed to represent him. PCRA counsel filed a supplemental petition, which included allegations of ineffectiveness on the part of trial counsel for failing to call certain witnesses. These particular claims of ineffectiveness had not previously been raised, either in the post-verdict proceedings or on direct appeal. Following a hearing, the PCRA court denied Priovolos' petition by order dated July 11, 1994. After a timely notice of appeal was filed, PCRA counsel filed a "no merit" letter pursuant to *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988), and was granted leave to withdraw by the Superior Court. New counsel was appointed to represent Priovolos on appeal from the PCRA court's denial of collateral relief.

Priovolos' primary contention on appeal was that hearing counsel was ineffective for failing to present the testimony of certain witnesses, including post-verdict counsel and several of the persons Priovolos maintains should have been called at trial. The Superior Court agreed and remanded the case for a new PCRA hearing. Following denial of its request for reargument, the Commonwealth petitioned for permission to appeal, which was granted.

The Commonwealth contends that the Superior Court erred in concluding that PCRA counsel was ineffective and in remanding for a new PCRA hearing on the ineffectiveness of trial counsel. It argues that, since Priovolos has no constitutional right to counsel on collateral review, he is therefore not entitled to relief on his ineffectiveness claim.

It is generally true that a petitioner has no federal constitutional right to counsel in a state collateral proceeding. *Commonwealth v. Travaglia,* 541 Pa. 108, 139, 661 A.2d 352, 367 (1995)(citing *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)), *cert. denied,* 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996). Moreover, in accordance with decisions of the United States Supreme Court, it follows that an asserted deprivation of effective assistance of counsel on state collateral review does not generally state a

claim for relief under the United States Constitution. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991).[2] This Court, however, has not decided whether a right to effective assistance of post-conviction counsel would accrue under the Pennsylvania Constitution. *See Travaglia*, 541 Pa. at 139, 661 A.2d at 367; *see also Commonwealth v. Jermyn*, —— Pa. ——, —— n. 22, 709 A.2d 849, 857 n. 22 (1998).

Even if Priovolos' assertion of a right to effective counsel lacks a constitutional dimension, the right to counsel at issue is accorded by Pennsylvania Rule of Criminal Procedure 1504(a) to an indigent petitioner who, like Priovolos, is proceeding on his first PCRA petition. This Court has recognized both that appointed counsel must discharge the responsibilities under the rule and that a remedy may be fashioned where counsel fails to do so. *See, e.g., Commonwealth v. Sangricco*, 490 Pa. 126, 133, 415 A.2d 65, 68–69 (1980). Therefore, to determine whether the decision to remand was appropriate, we look to the merits of Priovolos' request for a new PCRA hearing.

In order to make a claim of ineffectiveness for failure to interview or present a witness, a petitioner must demonstrate: (1) the existence and availability of the witness; (2) counsel's awareness of, or duty to know of, the witness; (3) the willingness and ability of the witness to cooperate and appear on behalf of the defendant; and (4) the necessity of the proposed testimony in order to avoid prejudice. *Commonwealth v. Morales*, 549 Pa. 400, 419–20, 701 A.2d 516, 526 (1997) (citing *Commonwealth v. Stanley*, 534 Pa. 297, 300, 632 A.2d 871, 872 (1993)). Furthermore, to merit entitlement to an evidentiary hearing on a claim of ineffectiveness, a defendant must "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that ... counsel may have, in fact, been ineffective."

**2.** In *Coleman*, the United States Supreme Court left open the question of whether a constitutional right to counsel might exist where state collateral proceedings present the petitioner's first opportunity to present a challenge to his conviction. *See id.* at 755, 111 S.Ct. at 2567–68.

*Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981).[3]

For example, in *Travaglia,* 541 Pa. at 140–41, 661 A.2d at 368, in considering a claim of ineffectiveness of counsel for failure to call witnesses at a PCHA hearing, this Court concluded that, without a showing that the result of the hearing would have been different had the witnesses been called, the petitioner could not meet the requirement of establishing prejudice. Accordingly, the petitioner was not entitled to a further hearing. *See Travaglia,* 541 Pa. at 141, 661 A.2d at 368.

In this case, Priovolos alleges that the following witnesses should have been called at the PCRA hearing: Eugene Sweeney; James Daniels; James Tucker; Marty Schmidt; Suzanne Synnestvedt; Holt Wilkerson; Eugene Green, Esquire; and unidentified character witnesses, apparently to support alibi testimony given at trial by Priovolos' relatives. Priovolos alleges that Sweeney, Schmidt and Synnestvedt have information (apparently acquired through varying levels of hearsay) that Ms. Succa was not in Priovolos' company, but was in the company of two other men, at some indeterminate time prior to her death. Wilkerson is alleged to have been one of those men. Daniels is a former roommate of Succa's. Tucker, a private investigator hired by Priovolos' brother, is referenced in connection with an FBI analysis of sand samples obtained from Succa's body. Green was Priovolos' post-verdict counsel.

Notwithstanding unspecific references to general areas of knowledge on the part of the identified witnesses, no clear offer is made on the record or in the briefs as to the availability of the witnesses to testify. Indeed, the asserted character witnesses remain unidentified, and, according to a

3. Notably, the PCRA, as amended November 17, 1995, now requires that, where a petitioner requests an evidentiary hearing, the petition must include a signed certification as to each intended witness, stating the witness's name, address, date of birth and the substance of the testimony. *See* 42 Pa.C.S. § 9545(d)(1). The petitioner must also attach all documents material to the testimony. *Id.*

death certificate attached to the Commonwealth's brief, one of the identified witnesses, Tucker, is deceased. Nor did Priovolos provide sufficient details concerning the substance of the witnesses' testimony, assuming that their testimony could be presented, and the relevance of such testimony to the outcome of the proceedings. For example, although Priovolos claims that Sweeney, Schmidt, Synnestvedt and Wilkerson have information that Succa was in the company of Wilkerson and another man on the evening of her death, Priovolos makes little attempt to establish the proximity in time or location of such event to the crime scene. Nor is any explanation provided as to how an FBI analysis of sand found on Succa's body could have been admitted through the testimony of Tucker, a private investigator, or, if admitted into evidence, how such evidence would have changed the outcome of the proceedings. Further, no offer is made as to what, if anything, the testimony of Priovolos' post-verdict counsel would have added to the testimony of trial and appellate counsel, which was presented at the PCRA hearing. Finally, Daniels, Succa's former roommate, did in fact testify at trial, and Priovolos says nothing about what could have been added to the existing record of his testimony.

In short, we discern nothing from the record that indicates that the absence of testimony from any of these witnesses, either from the PCRA hearing or trial, worked prejudice upon Priovolos. In the Superior Court, Priovolos attempted to excuse the inadequacy of his offer by stating that:

> [e]ven a further proffer about the evidence should be reserved for the [PCRA] Court. (However, if one is desired, it can be presented at oral argument or on supplemental filing.) As a practical matter, the unavailable evidence remains unavailable and is only "postured" solely because of the charged ineffectiveness of P.C.R.A. counsel.

An offer of "postured" proof, however, is insufficient to warrant remand for a hearing in these circumstances—a petitioner must aver a present ability to present actual proof. Such proof must be described with greater specificity than is present here, particularly in terms of the relevance that the

witnesses' testimony would have had to the outcome of the prior hearing. *See Travaglia,* 541 Pa. at 140–41, 661 A.2d at 368; *Pettus,* 492 Pa. at 563, 424 A.2d at 1335.

Accordingly, we reverse the order of the Superior Court and reinstate the order of the PCRA court denying collateral relief.