proved his layered claim." *McGill*, at 1022 (citation omitted).

To satisfy the first prong of *Pierce* with respect to appellate counsel, appellant must demonstrate his underlying claim has arguable merit. *See McGill*, at 1022–23. This requires him to establish each *Pierce* prong regarding trial counsel's ineffectiveness. *See Rush*, at 656. Not only does appellant fail to argue any of the *Pierce* prongs concerning appellate counsel's stewardship, but he also fails to develop all three prongs regarding trial counsel. This is fatal to his claim, since "in order to succeed on an unpreserved claim of racial discrimination in jury selection, a post-conviction petitioner may not rely on a prima facie case under *Batson [v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)], but must prove actual, purposeful discrimination by a preponderance of the evidence, ... in addition to all other requirements essential to overcome the waiver of the underlying claim." *Commonwealth v. Uderra*, 862 A.2d 74, 87 (Pa. 2004) (citation omitted).

Like the appellant in *Uderra*, appellant has not had the opportunity to establish "actual, purposeful discrimination," because the PCRA court did not conduct a hearing on the discrete issue of racial discrimination. However, as in *Uderra*, appellant's proffer, even if believed, is insufficient to prove discrimination. Appellant points to the percentages of African–American venire persons who were stricken by the prosecution,[2] and avers there were no race-neutral reasons for striking them; he mentions the "McMahon tape," a 1987 videotape in which a Philadelphia assistant district attorney revealed a policy of racial discrimination in jury selection by

members of that office, *see Commonwealth v. Wharton*, 571 Pa. 85, 811 A.2d 978 (2002); he alleges the existence of statistics showing the prosecutor's disproportionate use of peremptory challenges against African–American jurors in other cases; and he cites a series of cases "roughly contemporaneous" to this one, *see* Appellant's Brief, at 80, "in which city prosecutors had been found to have discriminatorily struck black jurors." *Id.* None of these factors, however, standing alone or combined, is enough to establish a purposeful pattern of actual discrimination in the jury selection in *this* case. Furthermore, appellant makes no proffer of what he would hope to prove at a hearing on this issue; merely citing the number of African–Americans stricken and alleging it was done with discriminatory intent does not meet the standard enunciated in *Uderra*. Thus, I would hold that, having failed to establish the merit of his claim, appellant is not entitled to relief and no remand to the PCRA court is necessary.

Justice NEWMAN joins this concurring and dissenting opinion.

**COMMONWEALTH of Pennsylvania, Petitioner,**

v.

**Louis REGNA, Respondent.**

Supreme Court of Pennsylvania.

June 21, 2005.

---

**2.** Due to the absence of *voir dire* transcripts and trial counsel's files, appellant is unable to identify with certainty the races of the jurors; however, he attempts to reconstruct their races based upon the neighborhoods in which they lived. *See* Appellant's Brief, at 77–78 n. 52.

## ORDER

PER CURIAM.

**AND NOW,** this 21st day of June, 2005, the Petition for Allowance of Appeal is hereby GRANTED and the order of the Superior Court is REVERSED. *Commonwealth v. Meadows,* 567 Pa. 344, 787 A.2d 312, 320 (2001); *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420, 423 (1998).