J-A12014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL ANDREWS :
:
Appellant : No. 1232 EDA 2022

Appeal from the PCRA Order Entered April 11, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007797-2014

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 13, 2023**

Appellant, Daniel Andrews, appeals from the order entered on April 11, 2022, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court ably summarized the underlying facts of this case:

> On the morning of June 19, 2014, [Appellant] was in the home of Michael Nesmith with Henry Crosby and Laticj McKnight. The four shared a "blunt" of K2, which is synthetic marijuana. Shortly after, Ms. McKnight left the room to go upstairs while Mr. Crosby and Mr. Nesmith continued to play a video game. After asking Mr. Nesmith for a cigarette, [Appellant] stood up, went to the door, then turned and fired a gun multiple times at the other two. Mr. Crosby was struck in the abdomen, where the bullet fractured his ribs, lacerated his liver, and injured his diaphragm. Mr. Nesmith was struck in the thigh, but was able to flee upstairs where he told Ms. McKnight what had happened and called 9-1-1.
>
> After shooting the two victims, [Appellant] fled the house and jumped on the back of a passing fire truck. The firemen confronted [Appellant] and called for police assistance, but

[Appellant] began walking down the street before the police arrived. The firemen flagged down some police officers, and while explaining to them what had occurred, a fireman saw a gun lying on the street 10 to 15 feet behind where they had stopped the truck. The gun was registered to [Appellant's] fiancée, and [Appellant] later admitted to carrying it without a license and using it to shoot Mr. Crosby and Mr. Nesmith.

The police found [Appellant] shortly after and took him into custody. A few hours after being taken into custody, [Appellant] told the detective that he had shot the two victims after smoking K2.

PCRA Court Opinion, 8/17/22, at 2-3 (citations omitted).

A jury found Appellant guilty of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on the public streets of Philadelphia.[1] On April 13, 2017, the trial court sentenced Appellant to serve an aggregate term of eight to 20 years in prison for his convictions. We affirmed Appellant's judgment of sentence on June 21, 2019 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 23, 2019. **Commonwealth v. Andrews**, 213 A.3d 1004 (Pa. Super. 2019), *appeal denied*, 222 A.3d 376 (Pa. 2019).

Appellant filed a timely, *pro se* PCRA petition on September 15, 2020. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. Within the petition, Appellant claimed that his trial counsel (hereinafter "Trial Counsel") was ineffective for "fail[ing] to effectively argue a Rule 600 motion

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

on behalf of [Appellant]" and "fail[ing] to object to *Brady* violations that occurred at trial."[2]  Amended PCRA Petition, 12/14/20, at 2.

On January 18, 2022, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing. Appellant did not respond to the PCRA court's notice and, on April 11, 2022, the PCRA court finally dismissed Appellant's petition.  PCRA Court Order, 4/11/22, at 1.  Appellant filed a timely notice of appeal to this Court.  He raises three claims on appeal:

> 1. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [Appellant's] PCRA claim that [Trial Counsel] was ineffective because he failed to properly argue a Rule 600 motion?
>
> 2. Did the [PCRA] court err in its Rule 907 dismissal notice when it articulated that [Appellant] had the burden of proving the Commonwealth's due diligence regarding Rule 600?
>
> 3. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [Appellant's] PCRA claim that [Trial Counsel] was ineffective for not objecting to *Brady* violations by the Commonwealth, including the Commonwealth's representation that the gun was not tested for fingerprints, ballistics evidence and the Commonwealth's statement that nothing was ever done with the crime scene?

Appellant's Brief at 5-6.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able PCRA court judge, the Honorable Charles J. Cunningham, III.  We conclude that Appellant is not entitled to relief in this

_____

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

case, for the reasons expressed in Judge Cunningham's August 17, 2022 opinion. Therefore, we affirm on the basis of Judge Cunningham's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Cunningham's August 17, 2022 opinion.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/13/2023*

# COURT OF COMMON PLEAS
# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
# CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :

             v.                        :

DANIEL ANDREWS               :

          1232 EDA 2022

          CP-51-CR-0007797-2014

## OPINION

## STATEMENT OF THE CASE

Defendant Daniel Andrews (hereinafter "Defendant"), by and through his attorney, William Allan Love, Esquire, appeals this Court's April 11, 2022 Order denying relief under the Post-Conviction Relief Act (hereinafter "PCRA"). We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) and ask this Court to affirm.

## PROCEDURAL HISTORY

On June 20, 2014, Defendant was charged with attempted murder, aggravated assault, simple assault, recklessly endangering another person, and various violations of the Uniform Firearm Act.[1] Due to discovery and Defendant's requests for various continuances, trial was delayed for over two years. As a result, Defense filed a Rule 600 motion to dismiss which this Court denied prior to trial on February 6, 2017. On February 8, 2017, a jury found Defendant guilty of possession of firearm prohibited, firearms not to be carried without a license, carrying

---

[1] 18 Pa. C.S.A. §§ 2502(b); 2702(a); 2701(a); 2705; 6105(a); 6106(a); 6108 respectively.

1

firearms in public in Philadelphia, and possession of an instrument of crime.[2] On April 13, 2017, Defendant was sentenced to eight to twenty (8-20) years of incarceration. Defendant appealed– arguing that this Court erred in denying his Rule 600 motion, the Superior Court affirmed. On December 23, 2019 the Supreme Court denied review of direct appeal and affirmed this Court's ruling and Defendant's sentence.[3]

On September 15, 2020, Defendant timely filed his *pro se* PCRA petition. William A. Love, Esq., was appointed as counsel and filed an Amended PCRA Petition on December 14, 2020, alleging that (1) trial counsel ineffectively argued a Rule 600 motion prior to trial, and (2) trial counsel failed to object to Brady violations during trial. On February 15, 2021, the Commonwealth responded with a motion to dismiss the Amended Petition, arguing that Defendant's claims were meritless.

On April 11, 2022, this Court ordered the final dismissal of Defendant's Amended PCRA Petition. This appeal follows.


## EVIDENCE AT TRIAL

On the morning of June 19, 2014, Defendant was in the home of Michael Nesmith with Henry Crosby and Laticj McKnight. N.T 2/7/17, at 45-46. The four shared a "blunt" of K2, which is synthetic marijuana. Id. at 47. Shortly after, Ms. McKnight left the room to go upstairs while Mr. Crosby and Mr. Nesmith continued to play a video game. Id. at 52-53. After asking Mr. Nesmith for a cigarette, Defendant stood up, went to the door, then turned and fired a gun multiple times at the other two. Id. at 53-34. Mr. Crosby was struck in the abdomen, where the

---

[2] 18 Pa. C.S.A. §§ 6105(a); 6106(a); 6108; 907(a) respectively.
[3] Docket Number: CP-51-CR-0007797-2014

2

bullet fractured his ribs, lacerated his liver, and injured his diaphragm. Id. at 187. Mr. Nesmith was struck in the thigh, but was able to flee upstairs where he told Ms. McKnight what had happened and called 9-1-1. Id.

After shooting the two victims, Defendant fled the house and jumped on the back of a passing fire truck. Id. at 100-01, 196. The firemen confronted Defendant and called for police assistance, but Defendant began walking down the street before the police arrived. Id. at 102-03. The firemen flagged down some police officers, and while explaining to them what had occurred, a fireman saw a gun lying on the street 10 to 15 feet behind where they had stopped the truck. Id. at 103. The gun was registered to Defendant's fianceé, and Defendant later admitted to carrying it without a license and using it to shoot Mr. Crosby and Mr. Nesmith. Id. at 172-73, 185-86.

The police found Defendant shortly after and took him into custody. Id. at 129. A few hours after being taken into custody, Defendant told the detective that he had shot the two victims after smoking K2. Id. at 166, 171-73.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On May 3, 2022, the Court issued an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal within twenty-one (21) days of the Court's Order. Defendant filed such a Statement on May 14, 2022, which raised the following issues *verbatim*:

1. Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, Mr. Andrew's PCRA claim that trial counsel was ineffective because he failed to properly argue a Rule 600 Motion?

3

2. Did the trial court err in its Rule 907 Dismissal Notice when it articulated that Mr. Andrew's had the burden of proving the Commonwealth's lack of due diligence regarding Rule 600?

3. Did the trial court err, abuse its discretion, and/or make a mistake of law when it denies, as a matter of law, Mr. Andrew's PCRA claim that counsel was ineffective for not objecting to Brady violations by the Commonwealth, including, the Commonwealth's representation that the gun was not tested for fingerprints, ballistics evidence and the Commonwealth's statement that nothing was ever done with the crime scene?

## DISCUSSION

When reviewing the denial of a PCRA petition, the Superior Court "determine[s] whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." Commonwealth v. Small, 238 A.3d 1267, 1280 (Pa. 2020). The legal standard of review is de novo but the "scope of review is limited to the findings of the PCRA court and the evidence of record[.]" Id. In order to be entitled to an evidentiary hearing on an ineffectiveness of counsel claim, a defendant must "set forth an offer to prove at an appropriate hearing, sufficient facts upon which a reviewing court can conclude that . . . counsel may have, in fact, been ineffective." Commonwealth v. Privolos, 715 A.2d 420, 422 (Pa. 1998) (internal citations omitted). The burden is on the defendant to prove the following to succeed on a claim of ineffective assistance of counsel: (1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked an objective reasonable basis; and, (3) actual prejudice resulted from counsel's act or failure to act. See Commonwealth v. Tedford, 960 A.2d 1, 30 (Pa. 2008); see also Commonwealth v. Bond, 819 A.2d 33, 42 (Pa. 2002) ("Prejudice in the context

4

of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different."); Commonwealth v. Copenhefer, 553 Pa. 285, 300 (1998) (citations omitted).

I. *This Court did not err in holding that trial counsel was effective in arguing a Rule 600 Motion.*

Defendant complains that prior counsel was ineffective in arguing a Rule 600 Motion because prior counsel "failed to provide supporting facts and case law in support of the Rule 600 hearing that could have changed the outcome of the proceedings." Amended Petition, at 2. Specifically, Defendant claims that counsel should have introduced a *pro se* discovery request at the hearing and cited to case law about the Commonwealth's affirmative duty to provide discovery within a reasonable amount of time. Amended Petition, at 3. However, Defendant's claims are meritless, and this Court did not err in denying them.

Rule 600 requires that "trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). A Rule 600 Motion is available as a remedy for a defendant "when a defendant has not been brought to trial within the time periods set forth in paragraph (A)." Pa.R.Crim.P. 600(D)(1). Courts review a Rule 600 Motion "in light most favorable to the prevailing party," but limit the scope of review "to the trial court's findings, and the evidence presented at the Rule 600 hearing." Commonwealth v. Fontanez, No. 2428 EDA 2018, 2021 LEXIS 1176, at *7 (Pa. Super. April 30, 2021). Furthermore, Rule 600 requires reviewing courts to consider whether the delay was caused by the Commonwealth's failure to exercise due diligence, which the Commonwealth has the burden of proving by a preponderance of the

5

evidence. See Commonwealth v. Fraschetti, No. 1950 MDA 2018, 2020 Pa. LEXIS 456, at *29 (Pa. Super. Feb 7, 2020); see also Commonwealth v. Alceus, No. 623 MDA 2020, 2021 LEXIS 45, at *8 (Pa. Super. Jan, 5, 2021) (citations omitted) ("So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.").

Here, Defendant claims that previous counsel failed to introduce case law supporting the argument that the Commonwealth had an "affirmative duty to provide discovery within a reasonable amount of time." Amended Petition, at 3. To support that argument, Defendant referenced a dialogue between the court and trial counsel where counsel argued that the Commonwealth in this case should have made a more timely effort obtaining evidence from the DNA lab. Amended Petition, at 4. However, Defendant failed to elaborate on that argument regarding the DNA results and failed to provide any further explanation on the Commonwealth's involvement on the matter. Furthermore, Defendant's argument lacked any evidence that would suggest the Commonwealth had been negligent or that the "prosecutor's inaction" was "inexcusable," which is required to warrant a Rule 600 Motion. See Commonwealth v. Preston, 904 A.2d 1, 12 (Pa. Super. 2006) (internal citations omitted) (observing that "[d]ue diligence must be judged on what was done by the authorities, not on what was 'not done'").

It is true that case law mentions a duty upon the Commonwealth to take "reasonable steps . . . to obtain the mandatory discovery material and transmit it to [defendant] in sufficient time for the case to be tried." See Edwards, 595 A.2d at 54. However, Defendant's claim is irrelevant because even if prior counsel had supported his argument with case law, there is no evidence to suggest the Commonwealth failed to show due diligence in bringing the case to trial.

6

Amended Petition, at 4. Defendant does not provide any evidence showing that the Commonwealth failed to take "reasonable steps" during the discovery period or that the Commonwealth intentionally or negligently withheld requested discover material. See Edwards, 595 A.2d at 54.

Also, Defendant claims that prior counsel was ineffective in arguing a Rule 600 motion because counsel was "unable to identify when the defendant requested discovery." Amended Petition, at 3. To support that argument, Defendant refers to docket entries from 2014 indicating the lack of evidence during the early stages of discovery and an informal written request for discovery by the Defendant. Id.; Amended Petition, Exhibit "A". Defendant argues that prior counsel was ineffective because he did not introduce those entries into evidence during trial. Amended Petition, at 3. However, the docket also shows that this Court ordered a motion granting Defendant's request for continuance on May 15, 2015. See Commonwealth's Motion to Dismiss Ex. B, 12. Defendant did not mention the request for continuance in his Amended Petition and only supported his argument by referencing the July 28, 2014 docket entry, which indicated "partial discovery, missing ballistics, missing C&L" but did not provide any further evidence of what specific evidence was "missing." See Amended Petition, at 3; Commonwealth's Motion to Dismiss at 6-7. The only Exhibit included in Defendant's Amended Petition is an "Informal Request of Discovery" from September 23, 2014, which came only two months after the July 28, 2014 "partial discovery entry" and was the first formal notice of any lack of discovery. However, Defendant provides no evidence to show that the Commonwealth was at fault for the lack of discovery during that two-month investigation period. See Commonwealth v. Preston, 904 A.2d 1, 12 (Pa. Super. 2006)

This Court did not err in holding that trial counsel was effective in arguing a Rule 600 Motion because the record shows that Defendant had requested a continuance, and Defendant fails to offer any evidence suggesting that the delay was caused by the Commonwealth's failure to exercise due diligence. For these reasons, Defendant's Petition is meritless.

II. *This Court did err in its phrasing of its Rule 907 Dismissal Notice, but it does not change the outcome of this case.*

Defendant is correct in suggesting that the trial court erred in articulating that "Mr. Andrews had the burden of proving the Commonwealth's lack of due diligence regarding Rule 600" because the burden of proving due diligence rests on the Commonwealth, not the defendant. Concise Statement of Errors Complained of on Appeal, at 1; see also Commonwealth v. Burno, 638 Pa. 264, 314. Defendant's argument is in reference to this Court's wording on page 2 of its "Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907" where the Court stated: "While the Defendant contests the accuracy of the docket, he has offered no proof ... (3) that the Commonwealth failed to exercise due diligence in providing mandatory discovery." Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, at 2. It is true that this statement incorrectly implies that the Defendant bears the burden of proving due diligence. However, although this Court erred in its phrasing, it does not change the outcome of this case because the Commonwealth met its burden of proving due diligence. The Commonwealth provided record evidence showing that the delay was caused by the "defense['s] request for continuance and the trial court's crowded docket." Commonwealth's Motion to Dismiss, at 6; Ex. B, 12. In fact, "[a]t the Rule 600 hearing, this Court found that defendant was responsible for the 285 days of delay." Id. at Ex. B, 12. Therefore, although this Court erred in its phrasing,

Defendant's claim is still without merit because the Commonwealth met its burden of proving due diligence.

III. *This Court did not err in holding that trial counsel was effective regarding an alleged* <u>Brady</u> *violation.*

Defendant complains that trial counsel was ineffective for failing to object to an alleged <u>Brady</u> violation by the Commonwealth. <u>Amended Petition</u>, at 5-8. Specifically, Defendant argues that trial counsel failed to object to contradicting testimony regarding fingerprints and ballistics evidence and that a <u>Brady</u> violation occurred because the prosecution withheld material evidence that would have changed the result of the case, but counsel failed to object to it at trial. <u>Id.</u>; N.T. February 6, 2017, at 21. However, Defendant's claims are meritless, and this Court did not err in denying them.

To succeed on a <u>Brady</u> violation claim, a defendant must meet his burden of proving that there was (1) evidence, whether exculpatory or impeaching, favorable to the defendant, (2) suppressed by the prosecution, and (3) to the prejudice of the defendant. <u>See</u> <u>Tedford</u>, 960 A.2d, at 30 (citations omitted); <u>see also</u> <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>Commonwealth v. Burkett</u>, 5 A.3d 1260, 1268 (Pa. Super. 2010).

First, Defendant's claim of ineffective counsel fails because trial counsel's failure to object to alleged contradicting testimony does not amount to "misconduct" of "arguable merit." <u>See</u> <u>Tedford</u>, 960 A.2d, at 28-31. Defendant argues that the testimony is contradicting because in February of 2017, Assistant District Attorney Clemons said "[t]here was nothing ever done with the crime scene" after being asked whether there was any outstanding discovery. <u>Amended Petition</u>, at 5; N.T. February 6, 2017, at 21. The following day, Police Officer Tiffany

Richardsons stated that a fingerprint examination of the gun was conducted which came back negative and that ballistics evidence was also found at the crime scene. Amended Petition, at 5; N.T. February 7 2017, at 159. Therefore, Defendant argues that the testimony of the District Attorney and Officer Richardsons is contradicting because while the DA said there was no evidence from the crime scene, Officer Richardsons described details of evidence obtained from the crime scene. Amended Petition, at 5-8. However, Defendant is unable to prove that the statements are actually contradictory. Officer Richardsons testified that the fingerprint test came back negative, so there were no fingerprints to analyze. Commonwealth's Motion to Dismiss, at 10. Furthermore, Defendant was not prejudiced because he admitted to possessing the firearm so fingerprint evidence regarding the gun is irrelevant. Therefore, even if that testimony is found to be contradictory, trial counsel's failure to object to it does not amount to any misconduct that would change the outcome of the case.

Second, Defendant argues that the contradictory testimony contained new information regarding fingerprint and ballistic evidence which, had it been introduced earlier, would have changed the outcome of the case. Amended Petition, at 8. However, Defendant failed to offer any evidence showing that the testimony regarding fingerprint analysis and ballistic evidence was (1) "exculpatory," "impeaching," or "material" (2) "suppressed" by the Commonwealth, or (3) "prejudicial." Additionally, Defendant admitted to possessing the firearm and using it to shoot the victim, so any additional fingerprint or ballistic evidence is irrelevant. Thus, the "truth-determining process" had not been violated. See Copenhefer, 553 Pa., at 300. Therefore, although the fingerprint analysis came back negative, it held no value. Defendant's argument is meritless.

10

## CONCLUSION

For the foregoing reasons, the issues in this appeal are without merit. We respectfully request the Superior Court to affirm this Court's decision.

BY THE COURT:

August 17, 2022

_____, J.

HON. CHARLES J. CUNNINGHAM, III