J-S37025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PENDER | : | |
| | : | |
| Appellant | : | No. 110 EDA 2023 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009004-2015

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 8, 2024**

Kevin Pender ("Pender") appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act.[1]  We vacate and remand.

In July and August 2015, Pender robbed a Family Dollar store twice, a Metro PCS store, and a woman at an ATM.  He brandished a black handgun to accomplish three of the four robberies.  Police arrested Pender during the execution of a search warrant on his house, where they recovered a gun, ammunition, and the clothing he wore during the robberies.  **See** N.T., 2/6/17, at 21-26.  On February 6, 2017, Pender entered an open guilty plea to five

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

counts of robbery, four counts of persons not to possess firearms, and one count of conspiracy. **See id**. at 26-28.[2]

On April 10, 2017, the court imposed an aggregate sentence of ten to twenty years of imprisonment for all of Pender's offenses, the lowest possible sentence where the offenses constituted a "second strike." **See** N.T., 4 10/17, at 4-12; 42 Pa.C.S.A. § 9714(a)(1) (providing a mandatory minimum sentence of ten years for a second crime of violence). When plea counsel advised Pender of his appellate rights, Pender stated that he wanted trial counsel to file a post-sentence suppression motion asserting that the police entered his house without a search warrant. **See id**. at 11.[3] For unknown reasons absent in the record, plea counsel filed a post-sentence motion on three of the four dockets, but not the instant case.[4] In April 2017, the plea court denied the post-sentence motions. Pender did not file a direct appeal on any of the four dockets.

In January 2018, Pender filed a *pro se* PCRA petition on this single docket. The PCRA court denied the petition in January 2020, and PCRA counsel did not file an appeal. A subsequent series of procedural

---

[2] Pender explicitly acknowledged that by pleading guilty he was giving up his right to litigate a motion to suppress and on appeal he could only challenge the court's jurisdiction, the voluntariness of his plea, and the legality of his sentence. **See** N.T., 2/16/17, at 16-18.

[3] A suppression claim is not one of the three claims that survive a guilty plea.

[4] The instant appeal arises from Pender's guilty plea to the robbery of the Metro PCS store.

complications not relevant to this disposition ensued. In August 2022, Pender's PCRA counsel filed a timely PCRA petition asserting plea counsel failed to file a direct appeal following Pender's guilty plea, and prior PCRA counsel was ineffective for failing to preserve that claim. In January 2023, the PCRA court entered an order reinstating what it termed Pender's "appellate rights." *See* Order, 12/16/22.[5] Pender appealed the denial of his first PCRA petition. Pender complied with Pa.R.A.P. 1925. The PCRA court did not file a new opinion.[6]

On appeal, Pender presents a single issue for review:

> Was PCRA counsel ineffective for failing to argue in her amended PCRA petition that [Pender] specifically requested that his trial counsel file an appeal?

Pender's Brief at 6.

Counsel is presumed to be effective, and a PCRA petitioner bears the burden to prove otherwise. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018). A failure to file a requested direct appeal constitutes ineffective assistance *per se*. *See Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999). A defendant must show he asked counsel to file a direct

---

[5] In his brief, Pender states that although the order reinstating his appellate rights is ambiguous, all the parties understood the court reinstated his right to appeal the denial of his first PCRA petition, not his right to file a direct appeal. *See* Pender's Brief at 6.

[6] The PCRA court filed its opinion on January 6, 2020.

appeal and counsel disregarded the request. **See Commonwealth v. Markowitz**, 32 A.3d 706, 715 (Pa. Super. 2011). Claims of ineffectiveness of PCRA counsel may be raised at the first opportunity after a petitioner has obtained new counsel, including on appeal of the denial of a PCRA petition. **See Commonwealth v. Bradley**, 261 A.3d 361, 401 (Pa. 2021). To receive an evidentiary hearing on a claim of ineffective assistance, a petitioner must set forth an offer to prove sufficient facts that could lead a court to conclude counsel may have been ineffective. **See Commonwealth v. Priovolos**, 715 A.2d 420, 422 (Pa. 1998).

Pender attached an affidavit to his August 2022 PCRA petition stating he requested plea counsel file a direct appeal. He claims if PCRA counsel had advanced that claim, his appellate rights would have been reinstated or he would have been granted an evidentiary hearing. **See** Pender's Brief at 11.

The PCRA court previously found that Pender offered no evidence or proof he requested counsel to file a direct appeal and denied the petition. **See** PCRA Court Opinion, 1/6/20, at 4 (unnumbered).

We are compelled to reverse and remand for an evidentiary hearing to determine whether PCRA counsel knew or had reason to know Pender requested plea counsel file a direct appeal. The PCRA court's January 2020 opinion pre-dated both the Supreme Court's decision in **Bradley**, and Pender's August 2022 PCRA petition attaching Pender's affidavit claiming he requested plea counsel file a direct appeal. Under **Bradley**, Pender may assert PCRA

counsel's ineffectiveness at the first opportunity when he is no longer represented by that counsel, which here is on appeal from the denial of his PCRA petition. The PCRA court must therefore determine whether Pender requested plea counsel file a direct appeal and whether PCRA counsel knew or had reason to know Pender had requested a direct appeal. ***See Bradley***, 261 A.3d at 401.[7]

Order denying PCRA petition vacated. Case remanded. Jurisdiction relinquished.

_____

[7] Although ***Bradley*** compels a remand, we note that even if Pender's right of direct appeal is reinstated, he will not be able to obtain relief from his sentence. In his post-sentence motion, Pender faulted plea counsel for not filing the same post-trial motion he filed on his other three dockets asserting a post-guilty plea suppression claim. Such a claim could not merit post-sentence relief and does not raise a cognizable appellate issue. Further, Pender received the lowest possible sentence for his offenses because they constituted a "second strike," ***see*** 42 Pa. C.S.A. § 9714(a)(1), so a legality of sentence claim will not result in relief. The two other issues available on appeal following a guilty plea are also unavailing. A claim the plea court lacked jurisdiction to hear Pender's plea would be patently meritless. Similarly, a claim Pender did not enter his plea knowingly, intelligently, and voluntarily would stand in direct contradiction of the statements Pender made when pleading guilty, ***see*** N.T., 2/6/17, at 18-20, 25-26, and thus could not provide a basis for relief. ***See Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2024